ERWIN v. MORRIS.

(Filed November 30, 1904).

1. INTEREST—*Usury—Contracts.*

A contract for usury is void.

2. INJUNCTION—*Mortgages—Usury.*

A vendee of mortgaged land agreed with his grantor, the mortgagor, to pay the mortgagee what was actually due on the debt. The mortgage note called for usurious interest, and the vendee sued to restrain a sale under the mortgage, he alleging a tender of the amount actually due. The injunction should have been continued to a final hearing to determine whether the words "actually due" meant the face of the note or the amount legally due.

ACTION by J. A. Erwin against Z A. Morris, heard by *Judge T. A. McNeill,* at May Term, 1904, of the Superior Court of CABARRUS County. From an order vacating a restraining order the plaintiff appealed.

*Montgomery & Crowell,* for the plaintiff.
*Osborne, Maxwell & Keerans,* for the defendants.

CONNOR, J. This is an appeal from an interlocutory order dissolving a restraining order and refusing an injunction

to the hearing.   The complaint, considered as an affidavit,
set forth that at a sale of the land described therein Laura E.
Moss, who afterwards intermarried with C. W. Swink, pur-
chased the same for the sum of $3,884; that not having the
money to pay therefor the defendants' intestate, P. M. Mor-
ris, agreed to furnish it and take her note secured by mort-
gage on the land; that he did furnish the sum of $3,884 and
took from Laura E. a note, dated December, 1894, for
$4,780, carrying interest at 8 per cent., payable semi-an-
nually—$900 being added to the amount furnished as a
bonus for the loan of the money; that no other consideration
passed from Morris to Laura E. for the promise to pay said
amount; that Laura E. executed a mortgage on the land to
secure the note.   Thereafter certain payments were made on
the note.   Laura E. Moss, on March 23, 1903, tendered the
defendant Z. A. Morris, one of the executors of said P. M.
Morris, the full amount due, less the sum of $900 charged as
a bonus, in full payment of the note, which he refused to
accept.   "That the said Laura E. Moss has sold and con-
veyed, for valuable consideration, by deed duly recorded
April 1, 1904, the said tract of land to plaintiff under a
contract that plaintiff is to pay defendants whatever amount
is actually due the defendants on account of the note and
mortgage, together with all the rights, interests and equities
of the said Laura E. Moss in said land under said mortgage."
That the plaintiff is ready, able and willing to pay the de-
fendants the amount actually due on the same, and tenders
such amount; that defendant, pursuant to the power con-
tained in the mortgage, have advertised the land for sale.
His Honor *Judge Shaw* granted a temporary restraining
order with notice to the defendants to show cause.   His
Honor *Judge McNeill,* upon the return of the order vacated
the restraining order and refused the injunction.   The plain-
tiff appealed.

137——4

The case is before us upon the plaintiff's affidavit, defendants not having filed any answer thereto. The question presented, whether the grantee of the mortgagor may avail himself of the plea of usury included in the debt secured by the mortgage or make the usury the basis for an action for equitable relief, has never before been presented to or decided by this Court. It is well settled by our decisions that, under the statute prohibiting the charging of usury, the promise to pay the usurious interest is void and cannot be enforced. *Moore v. Beaman,* 111 N. C., 328; S. C. on rehearing, 112 N. C., 558. The question presented upon this appeal is whether the defense is confined to the debtor, or, when the land is sought to be subjected, may be set up by the grantee of a mortgagor. The allegation is that the plaintiff took the title to the land upon a promise to pay what was "actually due" on the debt. It is not made clear what the real agreement was; if by the term, "actually due" is meant due on the face of the note, that is, in consideration of the conveyance of the land for a fixed price, the face value of the note was reserved by the plaintiff with a promise to pay it to the defendants, it would seem that such an agreement amounted to an application by the mortgagor of so much of the purchase-money as was necessary to pay the note. If, however, the plaintiff simply assumed the position of the mortgagor, treating the word "actually" as meaning legally due, another and very different question would be presented. The authorities from other courts are not in harmony. In the present condition of the record we prefer not to decide the question. The injunction should have been continued to the final hearing, when the contract between the plaintiff and mortgagor can be ascertained. *McCorkle v. Brem,* 76 N. C., 407; *Marshall v. Comrs.,* 89 N. C., 103.

Error.