HORACE ELLIOTT v. P. H. BRADY ET AL.

(Filed 11 October, 1916.)

**Parties—Deeds and Conveyances—Mortgages—Actions—Accounting.**

> A purchaser of land from a mortgagor upon consideration that the former pay off the mortgage, the amount of which the latter agreed to ascertain, but failed or refused to do, may maintain his action against the mortgagee as a necessary party, for an accounting, in order that he may relieve the land from the lien of the mortgage, and remove the cloud upon his title. Revisal, sec. 411.

CLARK, C. J., concurring; BROWN, J., concurring.

APPEAL by plaintiff from *Shaw, J.*, at October Term, 1916, of RUTHERFORD.

*R. S. Eaves for plaintiff.*
*C. B. McBrayer for defendant.*

ALLEN, J. In August, 1916, the plaintiff purchased a tract of land from defendant O'Neal on which there was a mortgage by her to the other defendants, Brady and wife. The conveyance from her to the plaintiff specified as a consideration the sum of $400, and, in addition, as the complaint alleges, the plaintiff agreed to pay off "such amount as was actually due and collectible on a certain mortgage executed by said O'Neal to the other defendant."

The complaint alleges that under this agreement the plaintiff was bound to pay the amount "legally collectible on said mortgage," and that the grantor O'Neal contracted to ascertain such amount by legal action, but has refused to bring such action or to be joined as a party plaintiff in this action, and for that reason has been made a defendant. Revisal, 411. The defendants Brady and wife, the holders of the mortgage, demurred *ore tenus* that the complaint did not state a cause of action. The court dismissed the action as to them, and the plaintiff appealed.

The sole question presented is whether the complaint states a cause of action as against the holders of the mortgage indebtedness, and upon the motion to dismiss, the facts alleged must be accepted as true.

If so, the plaintiffs agreed to pay what was actually due and collectible on the mortgage held by the defendants Brady and wife; the defendant O'Neal, the grantor of the plaintiffs, agreed to have this amount ascertained and has refused to do so, and there is a controversy as to the amount due.

This, in our opinion, states a cause of action, as the plaintiffs have the right to know how much they owe, so they may relieve their land

of the mortgage, and Brady and wife are necessary parties, as they are the holders of the mortgage.

We refrain from expressing an opinion as to what is actually due and collectible until the facts are developed.

Reversed.

CLARK, C. J., concurring: The sole question presented is whether the plaintiff whose land is charged with payment of the mortgage debt can maintain this action to compel the mortgagees to credit the debt with the usury paid thereon. Revisal, 1951.

The plaintiff having bought the land subject to the mortgage, which he has assumed to pay off, the land is in the position of a surety to the mortgage debt, and therefore the plaintiff is entitled to be protected against the payment of any more than the amount legally due thereon, and can maintain this action against the mortgagees to determine the balance legally due and is entitled to join his grantor to compel her to execute her agreement to ascertain the amount due, and besides she is a necessary party in an action to ascertain such balance.

The land in the hands of the grantee of the mortgagor cannot be subjected by foreclosure sale to the payment of any larger amount than it could have been sold for if it had remained in the ownership and possession of the mortgagor. *Bank v. Loven, ante,* 664.

This is not an action to restrain foreclosure of a mortgage, but it is to compel a statement of the account between the mortgagor and mortgagee as to the balance legally due upon the mortgage debt. In *Erwin v. Morris,* 137 N. C., 48, it was virtually held that a purchaser of land from the mortgagor could bring an action to purge the mortgage debt of usury, or could do so by way of defense; otherwise, the injunction would not have been continued in order to ascertain the terms of the contract between the mortgagor and the grantee as to payment of purchase money.

The authorities seem quite uniform that the grantee of a mortgagor can avail himself of the defense of usury as against the holder of a mortgage on the land unless barred by the contract of purchase. *Bank v. Drew,* 117 Am. St., 231; *Ford v. B. and L. Assn.,* 109 Am. St., 192; *Klapworth v. Dressler,* 78 Am. Dec., 87. If this were not so, then the plaintiff as grantee could not avail himself of the contract that the grantor would ascertain the balance legally due by an action for that purpose, and would be forced to resort to an injunction which under some decisions of this Court might deprive him of the benefit of his contract with the grantor that he should pay only the balance legally collectible, which means, of course, the balance which the mortgagee could have collected out of the land in an action against the mortgagor to determine that amount.

The court should have proceeded to have the account stated for the ascertainment of the balance "legally due and collectible" as between the mortgagor and mortgagee, and the plaintiff is entitled to be exonerated upon payment by him of said amount. He would have no cause of complaint as against the mortgagees beyond the amount of his mortgage if the counter-claim by reason of the usury should under Revisal, 1951, amount to enough to cancel the debt.

The plaintiff is entitled to any relief which the facts stated and proven entitle him to receive, and he is not barred of this because in his prayer for release he asks for more or a different relief from what he is entitled to have. Pell's Revisal, subsec. 3, and numerous cases therein cited. *Gillam v. Ins. Co.,* 121 N. C., 369, and cases cited in Anno Ed.; *McCullock v. R. R.,* 146 N. C., 317; *Bradburn v. Roberts,* 148 N. C., 214, and numerous other cases down to *Bryan v. Canady,* 169 N. C., 583.

BROWN, J., concurring: I concur in the opinion of the Court by *Mr. Justice Allen* upon the ground that the demurrer should be overruled because the complaint states some cause of action. The plaintiff has a right, in my opinion, to maintain the action for the purpose of ascertaining what is "legally collectible on said mortgage," as that is the contract under which he purchased the land. What is "legally collectible on the mortgage" cannot be determined upon demurrer. It can only be adjudicated when the facts are found by the trial court. The plaintiff, having purchased the land from the mortgagor, subject to the mortgage, has no right to set up the plea of usury against the mortgage debt on his own account. The only person who can do that is the mortgagor himself.

As said by *Mr. Justice Hoke* in *Riley v. Sears,* 154 N. C., 519, speaking for a unanimous Court, "It is undoubtedly a sound proposition that if one buys property and agrees to take up a note affected with usury, as a part of the purchase price, he cannot maintain the defense of usury against the note, and for the very sufficient reason that as to him the obligation is not for the loan of money." The same principle is laid down in *Doster v. English,* 152 N. C., 339; *Yarborough v. Hughes,* 139 N. C., 204; and *Stuckey v. Construction Co.,* 61 W. Va., 74.

It must be borne in mind that the plaintiff in this case is seeking the aid of the Court to ascertain the amount legally due on the mortgage, and he is not "the party against whom the action is brought." Therefore, it is possible that he may be brought within the maxim of equity that requires one who seeks equity to do equity. These matters can only be determined when the evidence has been taken and the facts are found.