CLARK, C. J., concurring; BROWN, J., concurring.
In August, 1916, the plaintiff purchased a tract of land from defendant O'Neal on which there was a mortgage by her to the other defendants, Brady and wife. The conveyance from her to the plaintiff specified as a consideration the sum of $400, and, in addition, as the complaint alleges, the plaintiff agreed to pay off "such amount as was actually due and collectible on a certain mortgage executed by said O'Neal to the other defendant."
The complaint alleges that under this agreement the plaintiff was bound to pay the amount "legally collectible on said mortgage," and that the grantor O'Neal contracted to ascertain such amount by legal action, but has refused to bring such action or to be joined as a party plaintiff in this action, and for that reason has been made a defendant. Revisal, 411. The defendants Brady and wife, the holders of the mortgage, demurred ore tenus
that the complaint did not state a cause of action. The court dismissed the action as to them, and the plaintiff appealed.
The sole question presented is whether the complaint states a cause of action as against the holders of the mortgage indebtedness, and upon the motion to dismiss, the facts alleged must be accepted as true.
If so, the plaintiffs agreed to pay what was actually due and collectible on the mortgage held by the defendants Brady and wife; the defendant O'Neal, the grantor of the plaintiffs, agreed to have this amount ascertained and has refused to do so, and there is a controversy as to the amount due.
This, in our opinion, states a cause of action, as the plaintiffs have the right to know how much they owe, so they may relieve their land (829) of the mortgage, and Brady and wife are necessary parties, as they are the holders of the mortgage.
We refrain from expressing an opinion as to what is actually due and collectible until the facts are developed.
Reversed.