IN RE WILL OF MISSOURI A. PARHAM.

(Filed 24 September, 1919.)

**1. Wills—Codicils—Probate—Letters.**

By duly executed will testatrix devised her house to her two sons and on the following day wrote her attorney, the draftsman, she did not remember his reading this item to her, that she wanted her sons to have the house divided to suit them, etc. Upon admitting these several papers to probate in his order the clerk stated the paper-writing purporting to be the will was exhibited and duly proven by the subscribing witnesses, naming the attesting witnesses to the will and those by whom the letters were separately proven as a holograph will: *Held,* a sufficient recognition of the letters as codicils and a probate thereof, and the words of the certificate, "duly proven," carried the legal presumption that everything was properly done.

**2. Limitation of Actions—Wills—Codicils—Probate.**

Codicils to a will may not be caveated more than seven years after the will with the codicils have been admitted to probate before the clerk. Rev., sec. 3155.

APPEAL by Luther Parham from *Connor, J.,* at Chambers, 31 January, 1919; from VANCE.

This is a controversy submitted without action upon facts agreed for the construction of the will of Missouri A. Parham. She executed the will on 28 April, 1902, and the next day wrote to the draftsman of the will the following letter:

"April 29, 1902.

"CAPTAIN SHAW:—I do not recollect hearing you read it in the will, about the house. I want Locket and Luther to have my house and let them divide it as they please. I want you to put it in the will for

Locket's wife to have his part her lifetime if they do not have any children. I was afraid that you did not put it in the will about the house, and I could not go to sleep. Please send me receipt for the five dollars. I will pay you the other.          Yours respectfully,

MISSOURI A. PARHAM."

And later, the following undated letter.

"CAPTAIN:—I could not get down there last summer. Let the will stand until I come down. If I die before I get there, give my house to Luther; it is too small to divide.          MISSOURI A. PARHAM."

Both letters were produced before the clerk by Captain Shaw, proofs taken and probate made as below; and the will and letters were recorded by the clerk on 17 March, 1903, promptly after the death of the testatrix, and Locket Parham qualified as executor thereof and settled up the estate, and the land was divided up agreeable to the terms of the will as modified by the provisions in the said two letters probated as codicils. Luther Parham received the dwelling as part of his share according to the second codicil, modifying the first codicil.

On 13 January, 1919, the widow of Locket Parham filed a petition before the clerk reciting: "It appears from an inspection of the said will and codicils, together with the probate of the same, that the affidavits of the witnesses to the codicils is incorporated in the probate but that the codicils are not expressly referred to in the adjudication of probate by the clerk, which petitioner believes was an oversight since the proofs and codicils are recorded. Yet it is contended that said codicils have not been probated. Your petitioner, by the death of her husband, derived an interest under the said codicils for the term of her life in that portion of the lands devised by the said will and codicils to her said husband, P. L. Parham," and asked the court to correct and formally adjudicate the probate of the said codicils.

On this motion, after the notice to Luther Parham, the clerk adjudged that "Due proof of the execution of both said letters was taken on 17 March, 1903, and that the same were admitted to record as parts of the will of said testatrix; the court doth now, for then, adjudge that they were duly proven and doth admit them to probate." The following were the proceedings and decree on said probate:

ORIGINAL PROBATE.

State of North Carolina—Vance County—ss.
     In the Superior Court.

A paper-writing, purporting to be the last will and testament of Missouri A. Parham, deceased, is exhibited before me, the undersigned clerk of the Superior Court for said county, by Locket Parham, the

executor therein mentioned, and the due execution thereof by the said Missouri A. Parham is proved by the oath and examination of J. T. Harris, W. B. Shaw, the subscribing witnesses thereto, who, being duly sworn, doth depose and say, and each for himself deposeth and saith, that he is a subscribing witness to the paper-writing now shown him purporting to be the last will and testament of Missouri A. Parham; that the said Missouri A. Parham, in the presence of this deponent, subscribed her name at the end of said paper-writing, now shown as aforesaid, and which bears date 28 April, 1902.

And the deponent further saith that the said Missouri A. Parham, the testator aforesaid, did, at the time of subscribing her name as aforesaid, declare the said paper-writing so subscribed by her and exhibited to be her last will and testament, and this deponent did thereupon subscribe his name at the end of said will as an attesting witness thereto, and at the request and in the presence of the said testator. And this deponent further saith that at the time when the said testator subscribed her name to the said will as aforesaid, and at the time of deponent's subscribing his name as an attesting witness thereto, as aforesaid, the said Missouri A. Parham was of sound mind and memory, of full age to execute a will, and was not under any restraint to the knowledge, information or belief of this deponent. And further these deponents say not.                                    W. B. Shaw.     (Seal.)
                                    J. T. Harris.    (Seal.)

Severally sworn and subscribed, this 17 March, 1903, before me.
                                    Henry Perry,
                                    *Clerk Superior Court.*

Also two letters, one bearing date the 29th day of April, 1902, the other without date, both addressed to W. B. Shaw, who was the draftsman of her will and at her request the custodian thereof, said letters speak of changes in said will, and purport to be codicils to the same will of M. A. Parham, deceased, which said will is also exhibited in open court by Locket Parham, the executor therein named. And it is thereupon proved by the oath and examination of W. B. Shaw that he drew the said will, and subsequent thereto the said letters were received by him in sealed envelopes from the said Missouri A. Parham through a messenger, and the same were at once deposited and kept in his safe in the same package with the said will until offered in court with the said will; that when he drew the will the testatrix requested him to keep the said will until her death, which he did as aforesaid. The said will and letters were filed in his safe in an envelope, marked "The Will of Missouri A. Parham."

And it is further proved by the oath and examination of three competent and credible witnesses, to wit, J. A. Kelly, J. E. Burroughs, and L. W. Burroughs, that they were acquainted with the handwriting of the said Missouri A. Parham, and verily believe that the name of Missouri A. Parham subscribed to the said letters, and the said letters and every part thereof, is in the handwriting of the said Missouri A. Parham.

W. B. SHAW.

J. A. KELLY.

J. E. BURROUGHS.

L. W. BURROUGHS.

Sworn and subscribed to before me, this 17 March, 1903.

HENRY PERRY,

Clerk Superior Court.

ORDER FOR PROBATE OF WILL.

State of North Carolina—Vance County.
In the Superior Court—Before Henry Perry, Clerk.
In re Estate of Missouri A. Parham, Deceased.

A paper-writing purporting to be the last will and testament of Missouri A. Parham, deceased, is exhibited in open court for probate by Locket Parham, executor therein named; and the due execution thereof by the said Missouri A. Parham, deceased, is duly proved by the oath and examination of W. B. Shaw, J. T. Harris, J. A. Kelly, J. E. Burroughs, and L. W. Burroughs, subscribing witnesses thereto; and it is further shown to the satisfaction of the court by said witnesses that the said Missouri A. Parham was, at the time of making said will, of sound mind and memory, of full age to execute a will, and under no restraint to their knowledge, information or belief:

It is thereupon considered, adjudged, and decreed that said proof is sufficient and according to law and that said paper-writing is and contains the last will and testament of Missouri A. Parham, deceased. And on motion it is ordered that said will be admitted to probate and recorded in the Book of Wills of Vance County, and as such, filed as provided by law in the office of the clerk of Superior Court of said county.

It is further ordered that said Locket Parham be allowed to qualify as executor as provided by law and enter upon the discharge of the duties imposed by said trust.

Dated this 17 March, 1903.

HENRY PERRY,

Clerk of Superior Court.

On appeal the judge approved and affirmed the order and Luther E. Parham appealed on the ground:

1. That the clerk was without authority to probate said codicils now because the same and all the proofs were before the court at the time the will was admitted to probate in 1903, and the judgment then admitting the will to probate exhausted the jurisdiction of the clerk, and pleaded the statute of limitations of one year within which a judgment can be corrected for mistake or excusable neglect and the general bar of the statute of ten years.

2. That the proofs which appear in the record did not warrant a finding and adjudication that the letters were codicils to said will.

3. That the second codicil revokes the first.

*T. T. Hicks for appellee.*

*Andrew J. Harris and Thomas M. Pittman for appellant.*

CLARK, C. J. Upon examination of the probate made 17 March, 1902, we think the clerk and the judge below were correct in their adjudication that "due proof of the execution of both said letters was taken 17 March, 1903, and that the same were admitted to the record as parts of the will of said testatrix."

It is therefore unnecessary to discuss the first exception as to whether they could have been admitted to probate *nunc pro tunc*.

When the will and two letters were produced before the clerk on 17 March, 1903, he took proofs of the execution of the will and separate proofs of the two codicils and adjudged that they constituted the will and recorded all three together in the book of wills, and the lands were divided on petition of the parties, Luther taking the house according to the second codicil and an equal number of the acres of land, though section 6 of the will proper gave the house to Locket and Luther jointly.

At the death of Locket Parham, 26 January, 1918, his wife claimed her life estate under the codicil, he having no children. Luther claimed that the letters were no part of the will and had not been probated as such and that the land became his, while Locket's wife contended that the letters had been probated and recorded and treated and acted upon as parts of the will, and she began this proceeding because of Luther's contention that the probate did not refer to the codicil.

We think that her prayer that the clerk should "amend the probate and make it refer to the codicil" was unnecessary, but the judgment rendered was proper "on the facts proven or admitted." *Elliott v. Brady,* 172 N. C., 830.

The clerk's adjudication 17 March, 1903, says "Will." He adjudicates that the execution thereof is duly proved by the oath and examination of W. B. Shaw and J. T. Harris (witnesses to the will proper) and J. A. Kelly, J. E. Burroughs and L. W. Burroughs (witnesses to

the codicils).   This was a sufficient recognition of the codicils and a probate thereof.  *In re Will of Deyton,* 177 N. C., 495.  And they were then recorded by the clerk with the will.  The words "duly proven" carry with them a legal presumption that everything was properly done. *Lumber Co. v. Branch,* 158 N. C., 255.

The clerk's adjudication of 28 January, 1919, that they were part of the will was saying no more than had been said on 17 March, 1903.

It is not necessary therefore to discuss the jurisdiction of the clerk to amend the probate or to probate the codicils *nunc pro tunc.*  We do not think the exception that the second codicil revoked the first requires discussion.   The second codicil, written several months after the first, was a request to "let the will stand" as modified by the first codicil, for she makes no reference to the first letter or codicil except that she modifies it in the second letter by giving the whole of the house to Luther Parham, which indicates the extent to which she wished to modify her previous disposition of her property.

It was not open to the respondent to caveat the codicils, if duly proven in 1903, for he has not only filed no caveat to the will or the codicils, but more than seven years have elapsed since they were probated.  Rev., 3155; *In re Dupree's Will,* 163 N. C., 256.  The word "will" in the clerk's probate includes codicils.  Rev., 2831, sec. 9.  It is there referable to the word when used in a statute, but it therefore applies to legal proceedings and in all cases where a contrary intent does not appear.

We concur in the judgment of his Honor that the letters set out in the record have been duly probated and recorded as codicils to the last will and testament of Missouri A. Parham, and that "by virtue of the codicil dated 29 April, 1902, the said Rosa E. Parham is the owner of the tract of land described as the share of Locket Parham in the lands of Missouri Parham for the term of her natural life, and to the rents arising therefrom since the death of Locket Parham."

Affirmed.