J. K. BROADHURST v. F. H. BROOKS, TRÚSTEE, ET AL.

(Filed 27 September, 1922.)

**1. Mortgagor—Rights of Junior Mortgagee.**

The junior mortgagee has the right to have the amount due under the senior mortgage ascertained and definitely determined, and, upon paying the sum so ascertained, take an assignment of the first mortgage.

**2. Same—Usury—Statutes.**

Where the senior mortgage is affected with a charge of usury, the amount to be paid by the junior mortgagee, before requiring the assignment, is the principal sum due, without interest. C. S., 2306.

**3. Same—Injunction.**

Where the mortgagor has temporarily restrained the sale of land under the senior mortgage, it is proper for the judge hearing the matter to continue the injunction to be dissolved if the mortgagor should pay the amount ascertained to be due thereunder by a certain date, and, otherwise, order that the first mortgagee may proceed to advertise and sell under the power of sale contained in his prior mortgage.

**4. Mortgages—Rights of Junior Mortgagee—Title—Equity of Redemption.**

A second mortgagee has the legal title to the lands, subject only to the amount legally due upon the first mortgage and the equity of redemption in the mortgagor.

APPEAL by defendants from *Allen, J.,* at chambers in Smithfield, 16 August, 1922.

This was a restraining order in behalf of plaintiff, a junior mortgagee of J. C. Stancill, forbidding the defendants to sell under a senior deed of trust executed by J. C. Stancill and wife to secure an indebtedness to the defendant Parrish. The defendants demurred to the complaint, and upon hearing before *Allen, J.,* he overruled the demurrer and continued the restraining order theretofore granted by *Daniels, J.,* to the final hearing. The defendants appealed.

*Ed. S. Abell for plaintiff.*
*Clifford & Townsend for defendants.*

CLARK, C. J. Stancill and wife, in 1915, executed their several promissory notes to Alonzo Parrish aggregating $20,000, the last of which fell due 1 January, 1921, and executed to F. H. Brooks, trustee, a deed of trust conveying certain lands as security therefor. The defendant Brooks, trustee, advertised said lands for sale under the deed of trust on 20 December, 1921. Stancill and wife thereupon instituted suit to restrain said sale, alleging that the defendant Parrish was guilty of usury, and had retained $2,000 of the principal, and that Stancill actually received only $18,000. On the hearing of the Stancill suit, *Calvert, J.,* continued the restraining order upon condition that Stancill and wife should pay, on or before 4 April, 1922, $11,462.98, with the provision that if that sum was not paid by said date the restraining order would be dissolved and the trustee should be at liberty to readvertise and sell the land. The sum thus prescribed was the principal with legal interest. This action is by the second mortgagee, who contends that the sale should not take place if Stancill should fail to make such payment until the plaintiff is afforded full opportunity to pay the principal only, without interest.

The plaintiff alleges that he will be forced to purchase the mortgaged land in order to protect his rights as a junior mortgagee, and contends that this injunction should be continued to the hearing unless the sum due on the first mortgage, deducting all interest, should be ascertained and definitely determined, and he be given opportunity to pay that sum and take an assignment of the first mortgage.

The junior mortgagee is entitled to pay off and discharge any valid lien upon the property, which cannot be done unless and until this amount is ascertained. *Elliott v. Brady,* 172 N. C., 828.

The plaintiff, as second mortgagee, has the legal title to the property subject only to the amount legally due upon the first mortgage, and the equity of redemption in the mortgagor. The lien of the first mortgage as against the second mortgagee, under our statute, if there has been usury as to the first mortgagee, is the principal without interest. C. S., 2306. The plaintiff is entitled to have such sum ascertained and an order by the judge that upon payment of that sum by the second mortgagee the first mortgage shall be assigned to him and the injunction should then be dissolved. *Elliott v. Brady, supra; Erwin v. Morris,* 137 N. C., 48.

Affirmed.