This is a provisional remedy brought by plaintiffs against defendant for injunctive relief under C. S., 843. On 1 January, 1923, J. B. Cullins (who assigned one-half interest in the laundry business to Nathan Cullins) and defendant entered into a contract to launder and press clothes; J. B. Cullins to install certain laundry and clothes pressing machinery in the basement of the dining-room of the State College and to do the laundry service for the college students and others, the students to have preference, price to be agreed upon by the president of the college and plaintiff J. B. Cullins. A controversy arose between the plaintiff J. B. Cullins and the president of the college, the details of which are unnecessary to set forth. Out of this controversy arose the question of the construction of the following part of the contract:
"For unsatisfactory laundry service by the party of the first part, the party of the second part after thirty days written notice to remedy the *Page 338 
same without result, may terminate this agreement upon six months written notice to the party of the first part — provided that the party of the second part shall have the option to purchase plant and pay to the party of the first part, at the time of such termination, the reasonable cash value of the complete laundry equipment and appliances installed under this agreement, or else allow the party of the first part to remove said equipment. In the event of such termination of this agreement, and the parties hereto not being able to agree as to the reasonable cash value of such equipment and appliances, each of the parties hereto shall select an appraiser, and the value decided upon by any two of the three appraisers shall be final, and the amount said party of the second part shall pay to the party of the first part for the same. If the party of the first part shall for any other reason than unsatisfactory work be required to move out, the party of the second part shall buy the plant at a price agreed upon by a board of arbitrators, selected as above. This agreement shall be binding upon the heirs, executors, administrators, assigns and successors of the parties hereto."
The plaintiff alleges, among other things, in substance, that under the contract he had installed machinery at a large cost to perform his contract so as to give satisfactory laundry service. That he is giving satisfactory laundry service and performing his part of the contract; that defendant is threatening to eject him, in violation of the contract, and to close up his business and remove his machinery put there at great cost and improved as the necessary demands required as the years went by on account of the increase of the student body and their demand for better service; that the machinery is worth little except for the purpose for which it is now used, and that the property would be practically confiscated. "That moreover, the said machinery, equipment and appliances are of such nature that the same would rapidly and permanently deteriorate and damage if the same are not in operation, and that to disassemble or remove the same would be practically to destroy it, and if the plaintiffs are wrongfully prevented from the operation of the said plant by being locked out of the possession of the same by the defendant, or if the said plant is itself disassembled or removed by the defendant, or if the operation of the same is discontinued, the plaintiff will suffer irreparable injury, damage and harm; and the plaintiffs say further that the profits which would be lost to the plaintiffs by a wrongful termination of said agreement or a wrongful stoppage of the operation of the same would be speculative, uncertain and incapable of definite ascertainment, and that the plaintiffs would not have an adequate remedy at law on account thereof."
Judge W. C. Harris issued a restraining order and the matter was heard before Judge R. A. Nunn, and the restraining order was continued until the hearing of the case. *Page 339 
The only exception and assignment of error made by defendant was to the order by the court below continuing the restraining order to the hearing of the case. In this we can see no error. Wentz v. Land Co., 193 N.C. at p. 34; Realty Co. v. Barnes, 197 N.C. 6; Scott v. Gillis, 197 N.C. 223;Land Co. v. Cole, 197 N.C. 452.
In Brinkley v. Norman, 190 N.C. 851, it is said: "This appeal is controlled by the principle announced in Seip v. Wright, 173 N.C. 14, and in many other cases: `Where it will not harm the defendant to continue the injunction and may cause great injury to the plaintiff, if it is dissolved, the court generally will restrain the party until the final hearing.'"Hurwitz v. Sand Co., 189 N.C. 1.
For the reasons given, the judgment below is
Affirmed.