S. B. PARKER CO. v. THE COMMERCIAL NATIONAL BANK OF
HIGH POINT, ET AL.

(Filed 11 March, 1931.)

1. **Appeal and Error E h—In this case held: appeal was limited to correctness of judgment of lower court.**

    In this case held: the record containing no statement of case on appeal, the Supreme Court is limited to the question of whether there was error in the judgment, the appeal being an exception thereto.

2. **Mortgages H b—Plaintiffs held entitled to have order restraining foreclosure continued to hearing in order to ascertain amount of debt.**

    Where in a civil action by the receiver of a mortgage company and junior lienors to restrain the foreclosure of a mortgage and to have the debt secured thereby credited with sums alleged to have been paid, and to have the amount of the debt reduced by the forfeiture of interest, it

being alleged that the contract was tainted with usury, *Held:* although the plaintiffs would not be entitled to injunctive relief as a deliverance from alleged exaction of usury, upon the defendant's demand for affirmative relief, the plaintiffs are entitled to know the correct balance due on the indebtedness in order to protect their interests, and a temporary order restraining the foreclosure is properly continued to the final hearing.

**3. Injunctions D b—Where great injury might result from dissolution, and no harm can come from continuance, temporary order will be continued.**

Upon a showing of a basis for injunctive relief equity will ordinarily continue a temporary order to the final hearing where great harm might result from its dissolution and no harm can result from its continuance.

APPEAL by defendants from *Nunn, J.,* in Chambers at New Bern, 27 October, 1930. From CRAVEN.

Civil action to restrain the foreclosure of a deed of trust and for an accounting, *i. e.,* to have the debt secured by said indenture (1) credited with all sums heretofore paid, and (2) reduced by a forfeiture of the entire interest charged, it being alleged that the same is tainted with usury.

The original plaintiffs, who are judgment lienors, subject to the deed of trust in question, and the receiver of the mortgagor company, contend that the correct amount of the indebtedness secured by said deed of trust is not more than $20,000, while the defendants contend that the correct balance due thereon is $25,524.79.

The defendants set up in their answer that all payments heretofore made on said indebtedness have been duly credited; that the same is free from usury, etc., wherefore they ask that the temporary restraining order be dissolved; that the correct amount of the debt be determined, and that the deed of trust be foreclosed and the property sold by a commissioner under orders of the court.

From a judgment continuing the temporary restraining order to the final hearing, with leave to the parties to amend their pleadings, the defendants appeal.

*W. B. R. Guion and Whitehurst & Barden for plaintiffs.*
*W. H. Lee and Moore & Dunn for defendants.*

STACY, C. J. As the record contains no statement of case on appeal, we are limited to the question whether there is error in the judgment, the appeal itself being an exception thereto. *Wallace v. Salisbury,* 147 N. C., 58, 60 S. E., 713; *R. R. v. Stewart,* 132 N. C., 248, 43 S. E., 638; *Clark v. Peebles,* 120 N. C., 31, 26 S. E., 924.

Conceding that under the decisions cited and relied upon by the defendants, *Waters v. Garris,* 188 N. C., 305, 124 S. E., 334, *Miller v.*

*Dunn,* 188 N. C., 397, 124 S. E., 746, and others of like import, plaintiffs would not be entitled to injunctive relief as a deliverance from alleged exaction of usury, had the defendants not demanded a foreclosure and also an accounting, nevertheless, under the decisions in *Broadhurst v. Brooks,* 184 N. C., 123, 113 S. E., 576, *Elliott v. Brady,* 172 N. C., 828, 90 S. E., 951, and *Erwin v. Morris,* 137 N. C., 48, 49 S. E., 53, it would seem that they are entitled to know the correct balance due on the indebtedness secured by said deed of trust, in order to protect the interests of the receiver and judgment lienors. *Riley v. Sears,* 154 N. C., 509, 70 S. E., 997. In this respect, even from the viewpoint of the defendants, the judgment would seem to be well founded. And further, as the defendants have asked for affirmative relief, the authorities cited and relied upon by them would seem to be inapposite. At any rate, they are not regarded as controlling.

It is the general practice of equity courts, upon a showing of a basis for injunctive relief, to continue the restraining order to the final hearing, when it appears that no harm can come to the defendants from such continuance, and great injury might result to the plaintiffs from a dissolution of the injunction. *Cullins v. State College,* 198 N. C., 337, 151 S. E., 646; *Hurwitz v. Sand Co.,* 189 N. C., 1, 126 S. E., 171; *Seip v. Wright,* 173 N. C., 14, 91 S. E., 359.

Affirmed.