KELLEY E. BENNETT ET AL. v. MORTGAGE SERVICE
CORPORATION ET AL.

(Filed 28 February, 1934.)

Mortgages H b—Foreclosure is properly restrained to hearing when bona
fide controversy exists as to whether note is due and the amount
thereof.

Where it appears from verified pleadings that there is a *bona fide*
controversy between the parties as to whether the note secured by the
mortgage is due, and if due by reason of default in the payment of
installments thereon, as to the amount due, the mortgagor's order tempo-
rarily restraining the foreclosure of the mortgage is properly continued
to the final hearing, without prejudice to the right of the mortgagees to
move for the appointment of a receiver. C. S., 859.

APPEAL by defendants from *Alley, J.*, at Chambers, in Franklin,
N. C., on 22 November, 1933. From SWAIN. Affirmed.

This action was begun in the Superior Court of Swain County to
restrain the defendants from selling under the power of sale contained
in a deed of trust executed by the plaintiffs the land described therein,
for an accounting to determine the amount due on the notes secured
by said deed of trust, and for other relief.

The action was heard on the motion of the defendants that the
temporary restraining order issued in the action be dissolved. The
motion was denied.

From judgment continuing the temporary restraining order to the
final hearing, the defendants appealed to the Supreme Court.

*Edwards & Leatherman for plaintiffs.*
*W. A. Devin, Jr., and Harkins, Van Winkle & Walton for defendants.*

PER CURIAM. It appears from the verified pleadings in this action
that there is a bona fide controversy between the parties (1) as to
whether the notes executed by the plaintiffs and secured in the deed
of trust containing the power of sale under which the defendants have
advertised the land described therein for sale, are now due, and (2) if
said notes are now due, because of default by plaintiffs in paying in-
stallments thereon, as to the amount now due on said note. For this
reason, the temporary restraining order was properly continued to the
hearing. *Parker Co. v. Bank*, 200 N. C., 441, 157 S. E., 419.

The validity of chapter 74, as amended by chapter 525, Public-Local
Laws of North Carolina, 1933, is not presented by this appeal.

The judgment is affirmed without prejudice to the right of the
defendants to move for the appointment of a receiver in this action,
as provided by statute. C. S., 859.

Affirmed.