AULENO FLYNT PORTER ET AL. v. JEFFERSON STANDARD LIFE INSURANCE COMPANY.

(Filed 28 January, 1935.)

1. **Mortgages H b—Continuance of restraining order against foreclosure of first deed of trust in suit by junior lienor upheld in this case.**

In a suit by a junior lienor to restrain foreclosure under a first lien on the lands, the continuance of the temporary restraining order to the hearing upon the contention of the junior lienor that the amount due on the first lien is in dispute will not be disturbed on appeal where it appears that the continuance results in no injury to the first lienor, although the first lienor contends that the amount secured by the first deed of trust is no longer in dispute.

2. **Injunctions D b—**

A temporary restraining order will ordinarily be continued to the hearing upon a prima facie showing for injunctive relief when it appears that no harm can come to defendant from such continuance, and great injury might result to plaintiff from its dissolution.

APPEAL by defendants from *Hill, Special Judge,* at July-August Term, 1934, of FORSYTH.

Civil action by holder of the second deed of trust to restrain foreclosure of first deed of trust until the correct amount of the indebtedness due under the prior lien can be ascertained and determined.

From an order continuing the temporary injunction to the hearing, the defendants appeal.

*William Porter for plaintiffs.*

*Manly, Hendren & Womble and Smith, Wharton & Hudgins for defendants Insurance Company and Julian Price, trustee.*

STACY, C. J. Plaintiffs ground their action on the decisions in *Wilson v. Trust Co.,* 200 N. C., 788, 158 S. E., 479, and *Parker Co. v. Bank,* 200 N. C., 441, 157 S. E., 419, where it was held that a junior lienholder is entitled to know the amount legally due and collectible under a prior encumbrance so that he may properly protect his interests against foreclosure. *Broadhurst v. Brooks,* 184 N. C., 123, 113 S. E., 576; *Riley v. Sears,* 154 N. C., 509, 70 S. E., 997.

Speaking directly to the point in *Wilson v. Trust Co., supra,* Connor, J., delivering the opinion of the Court, said: "Plaintiff in this action is not the debtor on the bonds secured in the (first) deed of trust; he is junior mortgagee. As such, he is under no obligation, legal or moral, to pay the amounts due on the bonds. He has the right, enforceable in this action, to have the amount due on the bonds secured by the deed of trust, which has priority over the mortgage by which his note is secured, ascertained and definitely determined, and upon paying the amount so ascertained and definitely determined to have the bonds and the deed of trust assigned to him. *Elliott v. Brady,* 172 N. C., 828, 90 S. E., 951. Until this amount, which is in controversy between plaintiff and the answering defendants, has been ascertained and definitely determined, plaintiff is entitled to have the sale of the land described in the complaint, under the power of sale contained in the deed of trust, enjoined and restrained. *Parker Co. v. Bank,* 200 N. C., 441, 157 S. E., 419."

In the instant case it is contended by the defendants, to which the plaintiffs do not assent, that the amount secured by the first deed of trust is no longer in dispute, but as the continuance of the temporary restraining order is without apparent injury to the defendants, the judgment will not be disturbed. *Boushiar v. Willis, ante,* 511, and cases there cited.

It is the general practice of equity courts, upon a *prima facie* showing for injunctive relief, to continue the restraining order to the hearing,

when it appears that no harm can come to the defendant from such continuance, and great injury might result to the plaintiff from a dissolution of the injunction. *Cullins v. State College,* 198 N. C., 337, 151 S. E., 646; *Hurwitz v. Sand Co.,* 189 N. C., 1, 126 S. E., 171; *Seip v. Wright,* 173 N. C., 14, 91 S. E., 359.

Affirmed.