W. R. McLAMB AND HIS WIFE, IDA McLAMB, v. MONROE McLAMB AND HIS WIFE, MAHALA McLAMB, CITIZENS BANK AND TRUST COMPANY, AND EZRA PARKER, TRUSTEE.

(Filed 20 March, 1935.)

**Mortgages H b—Tenant in common paying half the notes secured by deed of trust held entitled to have lands of cotenant sold first under foreclosure.**

The owners of land as tenants in common executed, with joinder of their wives, a deed of trust thereon. One of the tenants in common paid one-half the amount due on the notes secured by the deed of trust and brought suit to restrain foreclosure, joining the other tenant in common and his wife as defendants. Pending the action, the lands were partitioned between the tenants in common. *Held:* Judgment entered in the action dissolving prior restraining orders entered in the cause and providing that the trustee should sell the land of the defendant tenant in common before selling the land of plaintiff tenant who had paid his part of the notes, and that if it became necessary to sell plaintiff's land, plaintiff should be subrogated to the rights of the *cestui* in the judgment to the extent his land was subjected to the payment of the judgment, *is held* without error, the right of the *cestui* to have both tracts sold, if necessary to pay the notes, being recognized, and the equities of the tenants in common being protected, and the judgment not being inconsistent with prior restraining orders entered in the cause.

APPEAL by defendants Monroe McLamb and his wife from *Barnhill, J.*, at September-October Term, 1934, of JOHNSTON. Affirmed.

From judgment in this action dissolving certain restraining orders issued from time to time, and directing the sale by the defendant Ezra Parker, trustee, of the lands described in a deed of trust executed by the plaintiff W. R. McLamb and his wife and the defendant Monroe McLamb and his wife to the said trustee to secure notes payable to the defendant Citizens Bank and Trust Company, in accordance with instructions contained in said judgment, the defendants Monroe McLamb and his wife appealed to the Supreme Court.

*F. H. Brooks for plaintiffs.*
*Young & Young for defendants.*

CONNOR, J. This action was begun in the Superior Court of Johnston County on 16 December, 1929, to restrain a sale of the lands described in the complaint by the defendant Ezra Parker, trustee, under the power of sale contained in a deed of trust executed by the plaintiffs and the defendants Monroe McLamb and his wife to the said trustee to secure the payment of notes described in said deed of trust, which are payable to the defendant Citizens Bank and Trust Company.

At the date of the commencement of the action the lands described in the deed of trust were owned by the plaintiff W. R. McLamb and the defendant Monroe McLamb, as tenants in common. The notes secured by the deed of trust were executed by the said tenants in common and their wives, who are jointly and severally liable on said notes. The plaintiffs have paid one-half the amount due on said notes; the defendants have not paid any sum on said notes. Since the commencement of this action, the lands described in the deed of trust have been duly partitioned between the tenants in common, each now owning his share in said lands in severalty. During the pendency of the action judgment was rendered that the defendant Citizens Bank and Trust Company recover of the plaintiffs and of the defendant Monroe McLamb and his wife, on the notes described in the deed of trust, the sum of $2,763.99, with interest thereon at the rate of six per cent per annum from 27 April, 1931. Restraining orders were issued in the action from time to time restraining the sale by the trustee in the deed of trust of the lands described therein.

The action was heard by Judge Barnhill, at September-October Term, 1934, of the Superior Court of Johnston County. On the facts found by him, Judge Barnhill dissolved all of the restraining orders issued in the action, and ordered the defendant Ezra Parker, trustee, to sell the lands described in the deed of trust, under the power of sale contained therein, first selling the share which had been allotted to the defendant Monroe McLamb, and then selling the share allotted to the plaintiff W. R. McLamb, if the share allotted to the said defendant did not produce a sum sufficient to pay the amount now due on the notes secured by the deed of trust. He further ordered that in the event the share of the plaintiff W. R. McLamb was sold by the trustee under the judgment, the plaintiff should be subrogated to the rights of the defendant Citizens Bank and Trust Company in and to the judgment rendered in this action, to the extent only that his land was subjected to the payment of said judgment.

The defendants' exception to this judgment is not sustained. The judgment is in accord with the rights, legal and equitable, of all the parties to the action. It is not inconsistent with orders and judgments which have been made and entered in the action, from time to time, and does not overrule or set aside any of said orders or judgments. The right of the Citizens Bank and Trust Company to have all the lands conveyed in the deed of trust sold, if necessary, for the payment of its notes, is recognized by the judgment. The equities of the plaintiffs and the defendants Monroe McLamb and his wife are likewise recognized and protected. The judgment is

Affirmed.