Civil action to restrain foreclosure and to adjust equities.
Plaintiff alleges that on 18 January, 1924, he and the defendant Joe Sutton purchased a tract of land in Pitt County, subject to deed of trust in favor of the North Carolina Joint Stock Land Bank, given as security for a loan of $5,000; that Joe Sutton agreed to assume payment of the secured indebtedness as a part of his half of the purchase price; that thereafter the land was divided and plaintiff and defendant Joe Sutton now hold their respective shares in severalty; wherefore plaintiff seeks to have the share allotted to Joe Sutton first sold, and his own share reserved and sold only in the event of a deficiency.
The allegations upon which plaintiff predicates his right to an injunction are denied by the defendant Joe Sutton.
It further appears that in 1934, and again in 1935, the plaintiff brought actions identical with the present one, which resulted in consent judgments, neither of which has been carried out by the plaintiff. In the last suit, plaintiff was allowed ninety days to "place said loan in good standing," failing in which, it was ordered that foreclosure should proceed, "and the plaintiff agreed that he would bring no proceeding to restrain said sale."
From judgment denying any further restraining order, but adjudging "that said sale shall be made without prejudice to the rights of either J. W. Sutton or Joe Sutton, as to any claim they may have against said surplus or excess fund that may be derived from the sale of the said property," plaintiff appeals, assigning error.
Conceding that under the principles announced in McLamb v. McLamb,208 N.C. 72, 178 S.E. 847, and Ins. Co. v. Cates, 193 N.C. 456,137 S.E. 324, and the kindred doctrines promulgated in Bank v. Page,206 N.C. 18, 173 S.E. 312, and Porter v. Ins. Co., 207 N.C. 646,178 S.E. 223, the plaintiff originally had some rights, cognizable in equity, it would appear that his agreement, made in exchange for indulgences, not to bring any further proceeding "to restrain said sale," ought to be respected in this, the third suit instituted for the purpose. The cestui also has some rights. Dennis v. Redmond,210 N.C. 780; Leak v. Armfield, 187 N.C. 625, 122 S.E. 393; Everhartv. Adderton, 175 N.C. 403, 95 S.E. 614.
The showing made by appellant is not sufficient to overturn the judgment entered below.
Affirmed. *Page 450