Taylor, Chief-Justice.
 

 The bill sets forth an usurious transaction, attended with circumstances of hardship and oppression, and is exhibited for the benefit of *he securities of an insolvent person. There are two grounds of demurrer, one is, that the Defendant is not so bound to discover matter which might subject him to a penalty or
 
 forfeiture;
 
 the other is, that the Complainants ought to have brought into Court the principal and interest actnallv received bv Evans. The general
 
 *468
 
 ground on which this Court proceeds in cases of usury, *s comPc* a discovery, upon the Complainants’ bringing into Court the principal money advanced, with the ]ega] interest, and then the Court will aid as against the usurious excess. By this precaution the Defendant is,. protected against any forfeiture, and is restored to all* the money which he can equitably claim. It was not necessary to waive the penalty, in the bill, since none is^ incurred before the receipt of usurious interest.
 

 In a bill for discovery of an usurious contract, the-rule of practise requires a tender of the sum due, or bringing it into Court, upon the principle that he who seeks equity must do equity. Besides the charge of usury, in this bill, there is an independent ground insisted on by the securities, as going to avoid the whole transaction, as against them
 
 ;
 
 but though I do not think it is entitled to that effect, it affords a justification to the Court in relaxing the strict rule of practise as to the payment of the money into Court, and accordingly this order must be made, that if the principal sum received by Evans, together with the interest, is paid to the Clerk of this Court on or before the - — - day of September next, then the demurrer is to be overruled, and the Defendant is directed to answer, otherwise the bill to stand dismissed with costs.
 

 Hat.Ii and Hesbersobt, Judges, concurred.