J. J. ADAMS v. ANGIER BANK AND TRUST COMPANY, Inc., and FRANKLIN T. DUPREE, Trustee.

(Filed 5 March, 1924.)

**Injunction—Usury—Equity—Pleadings—Demurrer—Evidence — Admissions.**

In a suit to enjoin foreclosure of a mortgage upon the ground of usury, a demurrer to the complaint alleging the usurious charge admits its truth, and the injunction is properly continued to the hearing unless the defendant offers to reduce the charges to that allowed by law; and his defense, upon the ground that equity requires the plaintiff to tender the lawful amount of the debt, is untenable.

APPEAL from *Daniels, J.,* at November Term, 1923, of HARNETT.

The plaintiff alleged that on 1 April, 1920, he executed and delivered to the defendants a note in the sum of $3,500, which he secured by a deed of trust on certain tracts of land; that of this sum only $3,000 was lent him, the remaining $500 being a bonus for the loan; that the transaction was usurious and illegal; that the defendants knowingly charged the bonus with intent to collect it; that the defendants have advertised the land for sale under the deed of trust, and if it is sold the plaintiff will be irreparably damaged. He further alleged that a part of the debt had been paid.

The defendants demurred to these allegations on two grounds:

1. It is not alleged that the defendants or either of them are insolvent, and the equitable relief prayed cannot be granted until this is so shown.

2. That the plaintiff is seeking equitable relief to restrain the foreclosure of a trust deed upon the ground that usury was charged in the indebtedness secured by said trust deed, when in fact that it is not alleged that the plaintiffs or either of them have paid or offered to refund said indebtedness, or any part thereof, to the holder of the same, which contravenes the well-known equitable doctrine that "He who seeks equity must do equity."

The demurrer was overruled, and the plaintiff appealed.

*J. R. Barbour for plaintiff.*
*F. T. Dupree and Charles Ross for defendants.*

ADAMS, J. The defendants assign as error the judgment overruling the demurrer. They contend that the plaintiff is not entitled to equitable relief because he has neither paid nor tendered the principal and the legal interest thereon, and in support of their position they cite *Owens v. Wright,* 161 N. C., 127, and *Corey v. Hooker,* 171 N. C., 229. But these authorities do not aid the defendants. True, in each case it was held that equity will relieve against usury only upon payment of the amount actually received and the legal interest; but in the first of these cases the usurious charges were eliminated, and in the second it was said that when a mortgagor brings an action to restrain the mortgagee from selling mortgaged property on the ground that the debt secured is usurious, an injunction will be refused if the mortgagee waives the usurious part of the contract. In the present case the defendants have not waived their claim to the alleged usury, and it would be unconscionable to permit them to collect the amount actually due while insisting upon the payment of a bonus which by demurrer they admit is illegal.

The cause first assigned to defeat the plaintiff's equity requires no discussion.

In continuing the injunction, his Honor committed no error.

Affirmed.