SAMUEL W. WILSON v. UNION TRUST COMPANY OF MARYLAND AND INSURED MORTGAGE BOND CORPORATION OF NORTH CAROLINA, TRUSTEES, MORTGAGE SECURITY CORPORATION OF AMERICA, AND ALLISON W. HONEYCUTT AND HIS WIFE, MARY W. HONEYCUTT.

(Filed 13 May, 1931.)

**Mortgages H b—Plaintiff held entitled to have order restraining foreclosure continued to hearing in order to ascertain amount of debt.**

The holder of a second mortgage on lands brought action against the first mortgagee to restrain the foreclosure of the first mortgage. The court found as a fact that the second mortgagee was ready, able and willing to pay, upon assignment of the mortgage, the amount of the debt secured thereby, less interest, the second mortgagee alleging that usury had been charged thereon, C. S., 2306, the charge of usury was denied by the first mortgagee: *Held,* the second mortgagee was entitled to have the restraining order continued to the final hearing in order that the amount of the debt might be ascertained by the determination of the issue of usury.

APPEAL by defendants other than Allison W. Honeycutt and his wife, Mary W. Honeycutt, from *Schenck, J.,* at Chambers in Hendersonville, N. C., on 3 January, 1931. Affirmed.

This is an action to restrain the sale of land described in the complaint under the power of sale contained in a deed of trust executed by the defendants, Allison W. Honeycutt and his wife, Mary W. Honeycutt, to the defendants, Union Trust Company of Maryland and Insured Mortgage Bond Corporation of North Carolina, trustees, to secure their bonds for the sum of $6,000, negotiated to and now held by the defendant, Mortgage Security Corporation of America.

The plaintiff is the holder of a note executed by the defendants, Allison W. Honeycutt and his wife, Mary W. Honeycutt, and secured by a mortgage on the land described in the complaint. This mortgage was executed and recorded subsequent to the registration of the deed of trust, under which the land has been advertised for sale.

In his complaint plaintiff alleges that the amount now due on the principal of the bonds secured by the deed of trust, after applying all payments made thereon by the makers, is $2,568, and that he is ready, willing and able to pay said amount to the holder of said bonds, together with such sum as the defendants, other than Allison W. Honeycutt and his wife, Mary W. Honeycutt, have paid as taxes on the land described in the complaint, upon the assignment to him of said bonds and said deed of trust.

The plaintiff further alleges that the defendant, Mortgage Security Corporation of America, the holder of said bonds, has knowingly charged, reserved, taken and received interest on the principal of said bonds at a greater rate than six per centum per annum, and that, therefore, under the provisions of C. S., 2306, the entire interest on said bonds has been forfeited. This allegation is denied in the answer filed by the defendants other than Allison W. Honeycutt and his wife, Mary W. Honeycutt. These last named defendants have filed no answer.

The action was heard on the motion of the answering defendants that the temporary restraining order issued on the motion of the plaintiff be dissolved. This motion was denied.

From the order continuing the temporary restraining order to the final hearing, the answering defendants appealed to the Supreme Court.

*Shipman & Arledge for plaintiff.*
*Johnson, Smathers & Rollins for defendants.*

CONNOR, J. At the hearing of the motion of the answering defendants that the temporary restraining order issued in this action be dissolved, the judge found as a fact, from the admissions in the pleadings,

that the aggregate amount of the monthly payments made by the defendants, Allison W. Honeycutt and his wife, Mary W. Honeycutt, on the bonds held by the defendant, Mortgage Security Corporation of America, and secured by the deed of trust to the defendants, Union Trust Company of Maryland, and Insured Mortgage Bond Corporation of North Carolina, trustee, is $3,432. The aggregate principal amount of these bonds was $6,000. There is no controversy, therefore, between plaintiff and the answering defendants, that the amount due on said principal is now $2,568.

The judge further found as a fact that the fair market value of the land described in the complaint is less than the amount which the answering defendants contend is due on the bonds secured by the deed of trust, plus the amount due the plaintiff on the note held by him and secured by the mortgage registered subsequent to the registration of the deed of trust.

The judge also found as a fact that the plaintiff is ready, willing and able to pay to the holder of the bonds secured in the deed of trust, which has priority over the mortgage by which his note is secured, the sum of $2,568, together with the sum paid by the defendants, other than Allison W. Honeycutt and his wife, Mary W. Honeycutt, as taxes and premiums for insurance, which sum is found to be $215.36, upon the assignment of said bonds and deed of trust to him.

The answering defendants contended at the hearing before the judge of the Superior Court, and contend on their appeal to this Court, that the amount due on the bonds secured by the deed of trust, which has priority over the mortgage by which the note held by the plaintiff is secured, is $6,000, the aggregate amount of said bonds, with interest at the rate of six per cent, less the aggregate sum of the monthly payments made on said bonds by the defendants, Allison W. Honeycutt and his wife, Mary W. Honeycutt, which sum, it is admitted by said defendants, is $3,432; and that notwithstanding the allegation in the complaint that the holder of said bonds has knowingly charged, reserved, taken and received interest on said bonds at a rate greater than six per cent, which allegation is denied by said defendants, the holder of said bonds has a prior lien on the land described in the complaint for the amount due thereon, enforceable against the plaintiff, in this action by which plaintiff seeks the equitable remedy of injunction. In support of this contention the said defendants cite and rely on *Waters v. Garris*, 188 N. C., 305, 124 S. E., 334, in which it is said:

"It is the established law of this jurisdiction that when a debtor, who has given a mortgage to secure the payment of a loan, comes into equity, seeking to restrain a threatened foreclosure under the power of sale in his mortgage, as a deliverance from the exaction of usury, he will be

granted relief and allowed to have the usurious charges eliminated from his debt only upon paying or tendering the principal sum with interest at the legal rate, the only forfeiture which he may thus enforce being the excess of the legal rate of interest. *Corey v. Hooker,* 171 N. C., 229, 88 S. E., 236; *Owens v. Wright,* 161 N. C., 127, 76 S. E., 735. This ruling which has been established by an unbroken line of precedents, beginning with *Taylor v. Smith,* 9 N. C., 465, and running through a multitude of cases down to our latest decision in *Adams v. Bank,* 187 N. C., 343, 121 S. E., 529, is based upon the principle that he who seeks equity must do equity." *Waters v. Garris* has been cited and the principle on which the decision in that case rests applied in *Miller v. Dunn,* 188 N. C., 397, 124 S. E., 746, and in *Edwards v. Spence,* 197 N. C., 495, 149 S. E., 486.

Plaintiff in this action is not the debtor on the bonds secured in the deed of trust; he is a junior mortgagee. As such, he is under no obligation, legal or moral, to pay the amount due on the bonds. He has the right, enforceable in this action, to have the amount due on the bonds secured by the deed of trust which has priority over the mortgage by which his note is secured, ascertained, and definitely determined, and upon paying the amount so ascertained and definitely determined, to have the bonds and the deed of trust assigned to him. *Elliott v. Brady,* 172 N. C., 828, 90 S. E., 951. Until this amount, which is in controversy between plaintiff and the answering defendants, has been ascertained and definitely determined, plaintiff is entitled to have the sale of the land described in the complaint, under the power of sale contained in the deed of trust, enjoined and restrained. *Parker Co. v. Bank, ante,* 441, 157 S. E., 419.

The plaintiff contended at the hearing before the judge of the Superior Court, and as appellee in this Court contends, that the amount due on the bonds, for which the answering defendants have a lien on the land described in the complaint, by virtue of the deed of trust, is the principal of said bonds, to wit, $6,000, less the aggregate sum of the monthly payments made thereon by the debtors, to wit, $3,432, without interest. This amount, to wit, $2,568, the plaintiff is ready, willing and able to pay upon the assignment of the bonds and deed of trust to him. His contention is founded on the allegation in his complaint, which is denied in the answer of the defendants, that the holder of the bonds has exacted usury of the debtors thereon, and have thereby, under the provisions of C. S., 2306, forfeited the entire interest on the bonds. This contention is supported by our decision in *Broadhurst v. Brooks,* 184 N. C., 123, 113 S. E., 576. In that case it was held that where the senior mortgage is affected with a charge of usury, the amount to be paid by the junior mortgagee, before requiring the assignment of

the debt secured by the senior mortgage to him, is the principal sum due, without interest.

There is no error in the order continuing the temporary restraining order to the final hearing, when the issue raised by the pleadings, involving the execution of usury, may be submitted to and determined by a jury.

Affirmed.