NORTH CAROLINA MORTGAGE CORPORATION v. T. W. WILSON ET AL.

(Filed 13 December, 1933.)

1. **Usury B b: Equity A b—Where party demands equitable relief he can enforce forfeiture only of interest in excess of legal rate.**

   Where in a legal action the defendant, a borrower of money, seeks an equitable relief and alleges usury, it is required that he pay the principal sum due with the legal rate of interest, the only forfeiture which he can enforce being the interest in excess of the legal interest rate. C. S., 2306.

2. **Set-Off and Counterclaim B a: Ejectment A c — Counterclaim for usury may not be set up in action in ejectment.**

   While a counterclaim for usury may be set up in an action on the note, such counterclaim may not be set up in an action in ejectment based on title to the property under foreclosure of the deed of trust securing the note.

APPEAL by defendant Wilson from *Oglesby, J.,* at May Term, 1933, of MECKLENBURG. No error.

The plaintiff brought ejectment against the defendant T. W. Wilson to recover possession of a lot in the city of Charlotte. Wilson filed an answer admitting the possession of the property and set up certain counterclaims, in which he pleaded: (1) fraud in the procurement of the deed of trust executed to the First National Bank of Durham; (2) damages as a result of an alleged refusal to render statements of the amount due on the defendant Wilson's notes; (3) forfeiture of interest on certain notes; and (4) a charge of usurious interest, including the penalty for interest paid. The plaintiff filed a reply denying each of the counterclaims, and at the close of the evidence the court dismissed the counterclaims as in case of nonsuit, and submitted the following issue, which was answered "Yes": "Is the plaintiff the owner of the property described in the complaint, and entitled to the immediate possession thereof?" Judgment for plaintiff; appeal by defendant Wilson.

*John M. Robinson, J. M. Scarborough, and H. M. Jones for plaintiff.*
*Chase Brenizer and Robert B. Street for defendant Wilson.*

ADAMS, J. Through the Charlotte Insurance and Investment Corporation the defendant Wilson procured a loan of $4,000, and on 15 October, 1928, he and his wife executed a deed of trust to the First National Bank of Durham, as trustee, to secure a long-term first mortgage note in the principal sum of $4,000, payable 12½ years after date, with interest at the rate of 6 per cent beginning two years after date, and eight short-term first mortgage notes, each in the sum of $60, due at stated periods, bearing no interest until after maturity. The notes were payable to bearer at the First National Bank in the city of Durham. In 1930 a receiver was appointed for the Home Mortgage Company, and in 1931 the receivership was dismissed. On 1 July, 1931, the North Carolina Mortgage Corporation was organized to protect those who held the bonds of the Home Mortgage Company, and at a foreclosure sale the plaintiff purchased the notes of the defendant Wilson. Up to 1 July, 1931, Wilson had paid $1,249, and after the plaintiff received the notes he made payments aggregating $177. The deed of trust was afterwards foreclosed and the plaintiff became the purchaser of the lot in controversy.

The plaintiff offered to allow Wilson to keep the lot upon payment of the sum he admitted to be due as principal, with legal interest, and the defendant declined the offer. The defendant Owens succeeded the First National Bank of Durham as trustee.

The plaintiff's action is at law. The defendant set up an alleged defense in equity. It is a familiar principle that a borrower of money who seeks equitable relief must himself deal equitably with his adver-

sary by paying the principal and lawful interest. The only forfeiture he may enforce is the excess of the legal rate of interest. *Wilson v. Trust Co.,* 200 N. C., 788; *Edwards v. Spence,* 197 N. C., 495; *Miller v. Dunn,* 188 N. C., 397; *Adams v. Bank,* 187 N. C., 343. Moreover, there is no contention that the defendant paid usurious interest to the plaintiff. C. S., 2306; *Clark v. Bank,* 200 N. C., 635; *Jackson v. Bank,* 203 N. C., 357.

The statute provides that a counterclaim for usury may be set up in an action to recover upon the note; but this is an action to recover the possession of real property. The counterclaim is inopportune.

We find no sufficient basis of fraud; no refusal of the plaintiff to furnish a statement of the amount due; no error in the admission or rejection of evidence; no exception which calls for a new trial.

No error.