M. BUCHANAN, JR., v. CAROLINA MORTGAGE COMPANY, CAROLINA DEBENTURE CORPORATION, AND KESWICK CORPORATION, TRUSTEE.

(Filed 23 March, 1938.)

**1. Mortgages § 30d—**

A mortgagor may not enjoin foreclosure on the ground of usury unless he tenders the amount of the debt with legal interest, the mortgagor not being entitled to invoke the forfeiture or penalty for usury in such action, since it is required that "he who seeks equity must do equity."

**2. Same—**

A temporary order restraining foreclosure should not be continued to the hearing upon a tender only of the amount of the debt after deducting the penalty for usury, since in such case the penalty for usury may not be invoked.

**3. Same—Tender of amount of debt.**

> A tender of the amount of the debt after deducting the penalty for alleged usury plus a "tender" in the complaint of any amount which may be found due upon a proper accounting, is insufficient to support an order continuing the temporary restraining order, the "tender" in the complaint amounting to nothing more than an assertion of willingness and ability to pay, which is insufficient to constitute a legal tender.

APPEAL by defendants from *Sink, J.*, at Chambers, 8 December, 1937. From JACKSON. Reversed.

This was an action to restrain the sale of plaintiff's property under the power contained in a deed of trust thereon, executed by plaintiff to secure a loan from the defendants.

The plaintiff pleaded usury, and alleged that by reason of the resulting forfeiture of all interest the balance due on the debt had been reduced to $199.13, and plaintiff tendered that amount in satisfaction. Defendants, answering, denied the usury and alleged that the original loan to plaintiff was in the amount of $10,000, and that allowing plaintiff credit for all payments, and calculating interest at six per cent by the proper partial payments method, and charging plaintiff for advances to pay insurance and taxes, the balance due on the debt was $4,344.50.

His Honor continued the temporary restraining order to the hearing, finding that there was a controversy as to the amount due, and that plaintiff had paid to the clerk of the court the amount plaintiff contended was due ($199.13), and had in his complaint made tender of any amount found upon proper accounting to be due the defendants.

The defendants excepted to the judgment continuing the restraining order to the hearing and appealed.

*Edwards & Leatherwood for plaintiff.*
*W. G. Mordecai, Dan K. Moore, and Heloise Denning for defendants.*

DEVIN, J. The appellants rest their case under the shadow of the ancient maxim of the law that "he who seeks equity must do equity."

One who obtains a loan from another and executes a mortgage or deed of trust on his property to secure the payment of the debt may not be heard in a court of equity to enjoin the sale of his property for the nonpayment of his debt on the ground of usury until he has first paid or tendered the amount of his debt with interest at the legal rate. He must pay or tender payment of his just debt before a court of equity will come to his relief. *Waters v. Garris,* 188 N. C., 305, 124 S. E., 334; *Edwards v. Spence,* 197 N. C., 495, 149 S. E., 686; *Wilson v. Trust Co.,* 200 N. C., 788, 158 S. E., 479; *Mortgage Corp. v. Wilson,* 205 N. C., 493, 171 S. E., 783; *Jonas v. Mortgage Co.,* 205 N. C., 89, 170 S. E., 127;

*Kenny Co. v. Hotel Co.,* 208 N. C., 295, 180 S. E., 697; *Dennis v. Red-mond,* 210 N. C., 780, 188 S. E., 807.

In *Waters v. Garris, supra,* it was said: "It is the established law of this jurisdiction that when a debtor, who has given a mortgage to secure the payment of a loan, comes into equity, seeking to restrain a threatened foreclosure under the power of sale in his mortgage, as a deliverance from the exaction of usury, he will be granted relief and allowed to have the usurious charges eliminated from his debt only upon paying or tendering the principal sum with interest at the legal rate, the only forfeiture which he may thus enforce being the excess of the legal rate of interest. *Corey v. Hooker,* 171 N. C., 229; *Owens v. Wright,* 161 N. C., 127. This ruling which has been established by an unbroken line of precedents, beginning with *Taylor v. Smith,* 9 N. C., 465, and running through a multitude of cases down to our latest decision in *Adams v. Bank,* 187 N. C., 343, is based upon the principle that he who seeks equity must do equity."

In the case at bar there does not seem to be any material difference between the parties as to the amount the plaintiff received as a result of the loan secured by the deed of trust on his property. There is no dispute as to the number, amounts and dates of plaintiff's payments on his loan. The sums paid out by the defendants for taxes and insurance on plaintiff's property are not controverted. The balance on the debt, therefore, would seem to be largely a matter of computation. But the plaintiff invokes the penalty of forfeiture of all interest for the usury alleged to have been charged, and calculates he only owes $199.13, while the defendants, after deducting payments and adding advances and calculating interest at the legal rate, say the balance is $4,344.50.

The court below continued to the hearing the order restraining the sale of plaintiff's property under the deed of trust, and the appeal presents for review the correctness of his ruling.

In support of his ruling the judge of the Superior Court recited in his judgment that there was a controversy as to the balance due on the debt, and that plaintiff had paid into court the amount he claimed was due, to wit, $199.13, and that he had in his complaint tendered any amount found upon proper accounting to be due defendants. However, from an examination of the complaint as it appears in the record, it seems that the plaintiff has tendered no amount save the $199.13, which is the remainder after deducting the penalty for usury, though he avers that he is ready, able, and willing to pay any amount ascertained to be due on said loan. He merely asserts his ability and willingness to pay whatever may be determined by the court at the end of a lawsuit, still maintaining his right to enjoin the sale by tendering in satisfaction of his debt an amount less than the defendants have advanced for the payment

of the taxes on his property. He claims the remainder of his debt has been cancelled by the penalty for alleged usury. He has not brought himself within the rule laid down in *Waters v. Garris, supra,* and *Edwards v. Spence, supra.*

We are of opinion, and so decide, that the judge below was in error in continuing the restraining order. Under the present showing the defendants were entitled to have the restraining order dissolved.

Reversed.