W. P. HAIRSTON v. KESWICK CORPORATION, MARYLAND CASUALTY COMPANY AND RECONSTRUCTION FINANCE CORPORATION, AND CENTRAL INVESTMENT CORPORATION (ORIGINAL PARTIES DEFENDANT) ; AND CAROLINA BOND CORPORATION (ADDITIONAL PARTY DEFENDANT).

(Filed 4 January, 1939.)

**Mortgages § 30d—Mortgagor seeking to restrain foreclosure on ground of usury must first tender amount legally due.**

The equitable maxim that "He who seeks equity must do equity" requires that a mortgagor claiming that the mortgage debt is tainted with usury, and seeking to restrain foreclosure until the debt may be stripped of its usury, must first tender the amount legally due according to his own contentions, and a mere averment that he is ready, able and willing to pay the amount legally due is insufficient.

APPEAL by defendants from *Phillips, J.,* at November Term, 1938, of FORSYTH. Reversed.

Plaintiff brought this action in the county court of Forsyth County to restrain the defendants from foreclosing a deed of trust executed to secure an indebtedness of the plaintiff to the Carolina Mortgage Company until such time as the amount legally owed by the plaintiff could be ascertained.

The plaintiff complained that he had executed to the Carolina Mortgage Company mortgages securing loans aggregating about $11,000 in principal money, and that by retention of principal money, under guise of various fees, charges, and bonuses, grossly usurious interest charges were exacted from plaintiff, and that representatives of the mortgagees falsely represented to the plaintiff that he owed a balance of $6,450 on account of said loan; that plaintiff, in order to save his properties from sacrifice, procured a loan from the Building and Loan Association and paid to the Carolina Mortgage Company the sum of $5,500, and executed

and delivered to it his promissory note for $950.00, secured by a deed of trust on real property in Winston-Salem, in full settlement of the amount demanded by the Mortgage Company. ·The plaintiff recites that he had no knowledge of the grossly usurious interest and charges that had been reserved by the Mortgage Company until the execution and delivery of the note; that an audit of the account involved in the loan disclosed that plaintiff owed the Mortgage Company only $5,787.52 at the time he paid the sum of $5,500 and, therefore, the plaintiff owed now only the sum of $287.50 instead of the $950.00 evidenced by the promissory note which he made and delivered to the defendants. Plaintiff further alleges that the defendants have threatened to foreclose the deed of trust securing the $950.00, including usury, with interest thereon at six per cent, and demands that defendants be restrained from such foreclosure.

Upon the hearing in the county court, the injunction was continued to the hearing, and a complaint setting up substantially the cause of action above set out was filed and answer was made by the defendants denying the material allegations thereof.

The matter was further heard in the county court, upon a notice to the defendants to show cause why the restraining order should not be continued to the final hearing, and at the 14 November, 1938, Term of the said county court the injunction was continued until the hearing of the issues arising on the pleadings.

From this order of the county court the defendants appealed to the Superior Court, and the matter was there heard by Judge Phillips, who affirmed the order of the county court, and the defendants appealed.

*Ingle, Rucker & Ingle for plaintiff, appellee.*
*W. G. Mordecai and Ratcliff, Hudson & Ferrell for defendants, appellants.*

SEAWELL, J. One of the best known and most often reiterated maxims of equity is: "He who seeks equity must do equity." It is a mandatory application of the "Golden Rule" in the field of law administration, and has been said to express the fundamental principle of equity jurisprudence. In the application of the underlying principle to this case it means that the plaintiff, who has pleaded usury in his debt to the defendants and has asked the court to enjoin the foreclosure of the mortgage securing the indebtedness until that debt may be stripped of its usury, must first tender to the defendants the amount legally due them before he can obtain the equitable relief demanded. *Buchanan v. Mortgage Co.,* 213 N. C., 247, 195 S. E., 787; *Wilson v. Trust Co.,* 200 N. C., 788, 158 S. E., 479; *Mortgage Corp. v. Wilson,* 205 N. C., 493, 171 S. E., 783.

In this case plaintiff merely avers that he is ready, willing, and able to pay the defendants the amount legally due, but makes no tender.

The case is so thoroughly covered by the opinion in *Buchanan v. Mortgage Co., supra,* and cases there cited, that we deem further analysis and citation supererogatory.

The judgment is

Reversed.