W. S. BAILEY v. E. D. INMAN AND WIFE, BETTIE INMAN.

(Filed 1 November, 1944.)

1. **Usury § 2—**

To constitute a usurious transaction, corrupt intent to take more than the legal rate of interest is an essential element.

2. **Usury § 5: Equity § 1a—**

Where a debtor seeks the aid of a court of equity on the ground that his debt is tainted with usury, he may have the usurious element, if any, eliminated from his debt only upon his paying the principal of his debt with interest at the legal rate. In such case he is not entitled to the benefit of the statutory penalties for usury.

APPEAL by plaintiff from *Armstrong, J.,* at April Term, 1944, of CABARRUS.

Civil action for specific performance.

These facts are uncontroverted:

On 13 August, 1938, plaintiff and defendants entered into a written contract by the terms of which defendants agreed to sell and convey to

plaintiff, and plaintiff agreed to purchase and accept deed from defendants for a certain house and lot in Cabarrus County, North Carolina. The agreed purchase price was $850.00, payable $150.00 in cash, receipt of which was acknowledged by defendants, and balance in installments of $12.00 every 28 days beginning 20 August, 1938, "until the full sum of $700.00 has been paid. Interest to run at the rate of 6% per annum and is to be included in the $12.00, that is $8.00 of the $12.00 that is paid every 28 days is principal and $4.00 of the $12.00 that is paid every 28 days is interest,"—the plaintiff being directed by defendants to pay said amounts to G. H. Hendrix, of Concord, their agent.

Plaintiff alleges in his complaint: (1) That he has paid to defendants the sum of $551.00 on the principal of the contract, and $244.00 as interest thereon, which is more than six per cent per annum and as a result the contract is fraught with usury and is violative of C. S., 2306, G. S., 24-2, providing penalty for usury, and on that account pleads forfeiture of interest on the contract, refund of which with statutory penalty thereon is demanded; (2) that he has fully performed his part of the contract of 13 August, 1938, and is entitled to deed for the house and lot to which same relates; and (3) that though demand therefor has been made by him, defendants fail and refuse to execute and deliver deed in accordance with provisions of the agreement. Thereupon plaintiff prays judgment against defendants for specific performance, and for recovery of the amount of interest paid on the contract, plus the statutory penalty thereon for usury, or $488.00 less a balance of $149.00 due the defendants, or the net sum of $339.00.

Defendants, by answer filed, deny that any usury has been charged, and aver (1) that the balance of principal and interest has not been paid, and (2) that they stand ready and willing to make and execute to the plaintiff a good warranty deed free from all encumbrances to the property described in the contract upon payment of said $700.00 with interest at the rate of six per centum per annum.

Upon the trial in Superior Court plaintiff offered evidence tending to show: That between the dates of 20 August, 1938, and 22 July, 1943, he had made forty payments of $12.00 each, and twenty-one payments of $15.00 each, for total of $795.00, as shown by Building and Loan pass book, series 80, dated 2 October, 1937, for twelve shares in the name of E. D. Inman, one of defendants; that the reason he had paid $15.00 at times and $12.00 at others was because under the contract he was to pay $12.00 every four weeks, and if he had paid it every month it would not have averaged that much; that the way he paid it was to meet Mr. Inman's obligation to the Building and Loan; and that he took the money to Mr. Hendrix and wasn't concerned with how he credited it to Mr. Inman.

Plaintiff testified on cross-examination: "I knew I had paid the $700.00. I had paid $95.00 interest." He was also asked this question: "You know you still owe about $100.00, $98.50 after you take off 6% interest?" (Objection by plaintiff overruled. Exception.) In answer thereto, he said: "I don't know that I do. I know there is some more."

Motion for judgment as in case of nonsuit was allowed at close of plaintiff's evidence. Plaintiff appeals therefrom to Supreme Court and assigns error.

*B. W. Blackwelder for plaintiff, appellant.*
*Hartsell & Hartsell for defendants, appellees.*

WINBORNE, J.  Plaintiff's challenge to the correctness of the judgment of the Superior Court fails for these reasons:

(1) The contract of sale and purchase alleged to be usurious clearly states that the balance of $700.00 of the purchase price is payable in installments of $12.00 every 28 days until the full sum of $700.00 be paid—interest to run "at the rate of 6% per annum." While there is a breakdown and spread of the twelve dollar payments into principal and interest, there is nothing in the contract to show that it was the intention to take or to charge a greater rate of interest than the legal rate of six per cent per annum. To constitute a usurious transaction, corrupt intent to take more than the legal rate of interest is an essential element. *Doster v. English,* 152 N. C., 339, 67 S. E., 754; *Riley v. Sears,* 154 N. C., 509, 70 S. E., 997; *Monk v. Goldstein,* 172 N. C., 516, 90 S. E., 519.

(2) But if it be conceded that the contract of sale and purchase be susceptible to the interpretation that usurious interest was contemplated. this is an equitable proceeding for specific performance of a contract to convey land, and the record and evidence fail to show that plaintiff has paid or offered to pay the balance of principal with interest at the legal rate. While plaintiff here contends that he has paid the $700.00 balance of principal, he admits in his testimony that he has paid only $95.00 as interest and that he still owes "some more." Indeed, in arriving at the net sum for which judgment is prayed in the complaint, plaintiff adds the amount of alleged forfeited interest and the amount of statutory penalty for usury, and deducts "a balance of $149.00 due the defendants."

"The principle is well settled by numerous decisions of this Court that where a debtor seeks the aid of a court of equity on the ground that his debt is tainted with usury, he may have the usurious element, if any, eliminated from his debt only upon his paying the principal of his debt with interest at the legal rate. In such case he is not entitled to the

benefit of the statutory penalties for usury." *Connor, J.,* in *Smith v. Bryant,* 209 N. C., 213, 183 S. E., 276. See also *Waters v. Garris,* 188 N. C., 305, 124 S. E., 334; *Miller v. Dunn,* 188 N. C., 397, 124 S. E., 746; *Jonas v. Mortgage Co.,* 205 N. C., 89, 170 S. E., 127; *Mortgage Co. v. Wilson,* 205 N. C., 493, 171 S. E., 783; *Kenny v. Hotel Co.,* 208 N. C., 295, 180 S. E., 697; *Buchanan v. Mortgage Co.,* 213 N. C., 247, 195 S. E., 787.

No argument is stated, nor authority cited in support of other assignment. Hence, same is deemed abandoned. Rule 28, Rules of Practice in Supreme Court, 221 N. C., 544, at 562.

The judgment below is

Affirmed.