An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1082

NORTH CAROLINA COURT OF APPEALS

Filed: 5 August 2014

SYLVESTER LOVING,
     Plaintiff,

v.                                    Cumberland County
                                      No. 12 CVS 7501
FRANCO WEBB and CORE COMPUTER
TECHNOLOGIES, LLC,
     Defendants.


Appeal by defendants from judgment entered 17 May 2013 by Judge Gale M. Adams in Cumberland County Superior Court. Heard in the Court of Appeals 5 February 2014.

> *The Law Office of Bryce D. Neier, by Bryce D. Neier, for defendant-appellant.*

> *No brief was filed for plaintiff.*


BRYANT, Judge.


Where defendant pursued a counterclaim seeking an equitable remedy and argued before the trial court that the court had authority to impose an equitable remedy, defendant's argument to the contrary will not be heard on appeal. Where the trial court ordered defendants to refund plaintiff the amount he paid above the cost of the goods received, the trial court acted within its

authority pursuant to principles of equity. Accordingly, we affirm the trial court's judgment.

Plaintiff Sylvester Loving ran an accounting business and taught classes instructing clients on the use of accounting software. Defendants Franco Webb and Core Computer Technologies, LLC, were engaged in the business of selling, installing, and servicing computer equipment. On 23 May 2012, plaintiff agreed to purchase from defendants computer equipment, including a "quad core" server (Agreement I). Plaintiff paid $3,851.97 for the equipment. On 24 May 2012, plaintiff agreed to purchase additional computer equipment, including fifteen computer workstations, from defendants for a total price of $9,277.34 (Agreement II). That same day plaintiff made a down payment of $6,395.50.00. The agreements and down payments were documented in invoices (Invoice I, dated 23 May 2012, and Invoice II, dated 24 May 2012). The equipment was to be installed before plaintiff began teaching classes in September 2012.

On 21 June 2012, pursuant to Agreement I, defendants delivered to plaintiff's business a server, but plaintiff alleged that he received a "dual core CPU server rather than the quad core server, contracted for." In addition, plaintiff

alleged that he never received any of the equipment contracted for pursuant to Agreement II.

On 22 August 2012 plaintiff filed a complaint against defendants in Cumberland County Superior Court. Plaintiff stated a claim for unfair and deceptive trade practices in violation of section 75-1.1 alleging that defendants failed to respond to plaintiff's messages, failed to deliver the contracted for goods, and failed to refund plaintiff's payments. Plaintiff sought compensatory damages in excess of $10,000.00, requested that his damages be trebled, and "such other and further relief the Court deems just, fit and proper."

On 31 October 2012, defendants answered plaintiff's complaint and counterclaimed. Defendants alleged that in accordance with Agreement I, they delivered to plaintiff a quad core server but that the $3,851.97 plaintiff paid them was a down payment on a total purchase price of $5,135.96, leaving an outstanding balance of $1,283.99. Defendants further admitted that pursuant to Agreement II, they agreed to sell plaintiff additional computer equipment, including fifteen computer workstations, for a price of $9,277.34. Plaintiff's down payment of $6,395.50 for Agreement II left an outstanding balance of $2,881.84. Defendants admitted that they never

delivered any equipment in accordance with Agreement II as "Plaintiff failed to pay the balance owed under [Agreement I] and Defendants demanded payment in full on [Agreement I] before any further equipment would be delivered . . . ." In their counterclaims, defendants sought recovery on the theory of unjust enrichment and quantum meruit. Defendants alleged that they delivered the equipment and accessories ordered by plaintiff under Agreement I but that plaintiff failed to pay the total amount owed. Defendants further alleged that plaintiff was unjustly enriched in excess of $2,283.99 "which represents the balance owed on [payment under Agreement I] of $1,283.99 and $1,000.00 in labor fees."

This matter was heard in a bench trial before the Cumberland County Superior Court on 6 May 2013, the Honorable Gale M. Adams, Judge presiding. Following plaintiff's presentation of evidence in support of his sole claim for unfair and deceptive trade practices, defendants moved for a directed verdict. The trial court granted defendants' motion at the close of all the evidence "based on a finding that there was no unfair and deceptive trade practice."

In a judgment entered 17 May 2013, the trial court found that there was an agreement between the parties for plaintiff to

purchase from defendant Webb computer equipment, including a "quad core" server, for a total purchase price of $5,135.96 (Agreement I). Plaintiff had paid defendants $3,851.97, leaving an outstanding balance of $1,283.99. The court also found there was a second agreement between the parties for plaintiff to purchase additional computer equipment, including fifteen workstations, for a price of $9,277.34 (Agreement II), and that plaintiff paid defendants $6,395.50, leaving an outstanding balance of $2,881.84. However, defendant Webb never delivered any product or service pursuant to Agreement II. The trial court made the following findings of fact:

> 17. That based on [] Defendants' counterclaims, [] Plaintiff has been unjustly enriched in the amount of $1283.99 since he has enjoyed the benefit and possession of the equipment delivered pursuant to [Agreement I].
>
> . . .
>
> 19. The amount of $1283.99 should be deducted from the $6395.50 already paid to [] Defendants pursuant to [Agreement II] and the balance of $5111.51 should be returned to plaintiff.

The trial court awarded plaintiff $5,112.51, with interest from the date of judgment. Defendants appeal.

_____

On appeal, defendants argue that the trial court abused its discretion and committed reversible error by entering judgment against defendants in the amount of $5,112.51. Defendants contend the trial court properly dismissed plaintiff's sole claim for unfair and deceptive trade practices, but absent any surviving claim on plaintiff's behalf, the court lacked authority to award plaintiff damages. More specifically, defendants contend that because the evidence at trial proved the parties entered into express contracts with remedies at law available to them for disputes, the trial court was without authority to impose an equitable remedy. We disagree.

> The rule is, that an appeal *ex necessitate* follows the theory of the trial. Having tried the case upon one theory, the law will not permit the defendant to change its position, or to swap horses between courts in order to get a better mount in the [appellate courts]. The theory upon which a case is tried must prevail in considering the appeal, and in interpreting a record and in determining the validity of exceptions.

*Gorham v. Ins. Co.*, 214 N.C. 526, 531, 200 S.E. 5, 8 (1938) (citation and quotations omitted); *see also Dent v. Mica Co.*, 212 N.C. 241, 242, 193 S.E. 165, 166 (1937) (holding the defendant could not argue on appeal that the contract at issue was not binding when the defendant argued at trial that no contract existed).

First, we look to the theory defendants presented to the trial court.

In their counterclaim, defendants sought recovery for the outstanding balance due from plaintiff as to Agreement I. Defendants raised one counterclaim, "unjust enrichment/quantum meruit," and made the following assertions:

> 14. Defendant's [sic] delivered to Plaintiff computer equipment and accessories as specified in Business Proposal 1.
>
> 15. That Plaintiff has failed to pay for the equipment and services and labor provided him in Business Proposal 1.
>
> 16. That Plaintiff has been unjustly enriched at Defendants [sic] expense in excess of $2,283.99, which represents the balance owed on Business Proposal 2 of $1283.99 and $1000.00 in labor fees.
>
> 17. That the fees owed under Business Proposal 2 represents the measure of recovery for reasonable services rendered by Defendants to Plaintiff.

At trial, defendants consistently argued that the exchanges between plaintiff and defendants were business proposals and not formalized contracts.

> [Defense counsel:] And, Judge, again, as I talked at the close of the plaintiff's evidence, what we have here is a situation wherein there were two receipts, *business proposals*, one to deliver the server and then the second one dealing with the

workstations.

. . .

So what this really comes down to is [as to plaintiff's claim] I don't think the elements of unfair and deceptive trade practice are met here, at most. Even assuming arguendo if he had filed a claim for unjust enrichment or quantum meruit, again, as a trier of fact, you have to determine whether those elements are met. The problem here is that you don't have that before you because, on the one hand, *you don't have a contract for which a claim would be filed for breach of contract so you don't have that present* so that's off the table. You don't have a claim from the plaintiff for quantum meruit or unjust enrichment, so that is not before the Court.

. . .

So again, assuming arguendo that it was an issue of unjust enrichment or quantum meruit on the plaintiff's side, that's not before the Court. He hasn't pled that. My client has pled the issue of, hey, he's still got the equipment and there are still monies that are offset. . . . That's what I would contend to the Court.

(Emphasis added).

Defendants advocated for a finding that no actual contract existed between the parties: "you don't have a contract for which a claim would be filed for breach of contract." Furthermore, defendants presented the trial court with a counterclaim for unjust enrichment / quantum meruit seeking to

recover the outstanding balance plaintiff owed as to the first "business proposal." And, in closing arguments, defendants pointed out that plaintiff did not seek recovery on the theory of unjust enrichment or quantum meruit: "He [, plaintiff,] hasn't pled that. My client has pled the issue of, hey, [plaintiff]'s still got the equipment and there are still monies that are offset."

In its 17 May 2013 judgment, the trial court found "[t]hat based on the Defendants' counterclaims, [] Plaintiff had been unjustly enriched in the amount of $1283.99 since he has enjoyed the benefit and possession of the equipment delivered pursuant to the May 23, 2012 invoice."

In their brief to this Court and contrary to the arguments made before the trial court, defendants now state that "[t]he evidence at trial proved express contracts in any scenario as between the parties." If taken as true, that the evidence proves express contracts existed, the equitable remedy of unjust enrichment would not be available to resolve this dispute. *See Pritchett & Burch, PLLC v. Boyd*, 169 N.C. App. 118, 124, 609 S.E.2d 439, 443 (2005) ("Only in the absence of an express agreement of the parties will courts impose a quasi contract or a contract implied in law in order to prevent an unjust

enrichment."). We find defendants' stance on appeal to be inconsistent with and even in direct contravention of the argument defendants presented before the trial court. Therefore, defendants will not be allowed to contend on appeal what they directly advocated against before the trial court. *See Gorham*, 214 N.C. at 531, 200 S.E. at 8 ("Having tried the case upon one theory, the law will not permit the defendant to change its position, or to swap horses between courts . . . . The theory upon which a case is tried must prevail in considering the appeal, and in interpreting a record and in determining the validity of exceptions."); *see also Fabrikant v. Currituck Cnty.*, 174 N.C. App. 30, 48, 621 S.E.2d 19, 31 (2005) (holding the plaintiffs' argument on appeal was precluded where the plaintiffs induced the challenged outcome at trial by giving the court the option to pursue it); *Frugard v. Pritchard*, 338 N.C. 508, 512, 450 S.E.2d 744, 746 (1994) (under the doctrine of invited error, "a party may not complain of action which he induced."). Thus, defendants will not be heard to contend the trial court lacked the authority to impose an equitable remedy.

We next consider defendants' argument that the trial court lacked authority to award plaintiff the amount he paid

defendants above the cost of the goods defendants provided where plaintiff had no surviving claims.

"[W]hen equitable relief is sought, courts claim the power to grant, deny, limit, or shape that relief" as necessary to achieve equitable results. *Sara Lee Corp. v. Carter*, 351 N.C. 27, 36, 519 S.E.2d 308, 314 (1999) (citations and quotations omitted).  A well-known maxim is "[o]ne who seeks equity must do equity." *Creech v. Melnik*, 347 N.C. 520, 529, 495 S.E.2d 907, 913 (1998).  "In fashioning an equitable remedy, the conduct of both parties must be weighed by the trial court." *Kinlaw v. Harris*, 364 N.C. 528, 533, 702 S.E.2d 294, 297 (2010).  In *Jefferson Standard Life Insurance Co. v. Guilford County*, our Supreme Court explained that a person who seeks equity cannot "strike down only those transactions which are unfavorable to him and preserve from a like fate those from which he would take an advantage."  226 N.C. 441, 448, 38 S.E.2d 519, 524 (1946).

"Because the fashioning of equitable remedies is a discretionary matter for the trial court, we review such actions under an abuse of discretion standard."  *Kinlaw*, 364 N.C. 532–33, 702 S.E.2d 297.  "Under the abuse-of-discretion standard, we review to determine whether a decision is manifestly unsupported by reason, or so arbitrary that it could not have been the

result of a reasoned decision." *Mark Grp. Int'l, Inc. v. Still*, 151 N.C. App. 565, 566, 566 S.E.2d 160, 161 (2002) (citation omitted).

In its judgment, the trial court made the following conclusion of law:

> 3. That although [] Plaintiff was unjustly enriched in the amount of $1283.99, he has already paid an excess amount of $6395.50 pursuant to the May 24, 2012 invoice, from which $1283.99 can be deducted for [] Defendants, leaving a balance of $5,111.51 owed to the Plaintiff.

In accordance with this conclusion, the trial court awarded plaintiff $5,111.51 to be recovered from defendants.

The trial court's decision ordering defendants to refund plaintiff the sum of $5,111.51 based on defendants' unjust enrichment claim is consistent with the principles of equity. The trial court, when asked to fashion an equitable remedy, considered the entire matter before it, including the conduct of both parties and both transactions before the court, in order to shape the relief as necessary to achieve equitable results. *See Creech*, 347 N.C. at 529, 495 S.E.2d at 913. Therefore, we hold that the trial court acted within its authority and discretion to fashion this remedy pursuant to principles of equity. *See*

*Guilford Cnty.*, 226 N.C. at 448, 38 S.E.2d at 524.  Accordingly, we affirm the trial court's judgment.

Affirmed.

Judges STEPHENS and DILLON concur.

Report per Rule 30(e).